IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ___ D.C.

05 SEP 28 PM 3: 01

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | |
|---|---|
| TRIPLE H DISTRIBUTION, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SCHWARZKOPF & DEP, INC. and ) <br> HENKEL CORP., ) <br> ) <br> Defendants. ) <br> ) | No. 04-2108 Ma A |

ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT AND
FOR RECONSIDERATION

On March 18, 2005, this court entered an order granting summary judgment to Defendant Henkel Corporation ("Henkel"), the successor by merger to Defendant Schwarzkopf & Dep, Inc. ("S&D") as to the claim of breach of contract brought by Plaintiff Triple H Distribution, Inc. ("Triple H"). The court had previously dismissed Counts II and III of the complaint, claiming promissory estoppel/detrimental reliance and breach of the duty of good faith and fair dealing, in its order of August 16, 2004. On March 21, 2005, a judgment was entered dismissing the case.

On March 28, 2005, Triple H moved the court 1) to alter or amend the order granting summary judgment under Fed. R. Civ. P. 59(e), and 2) to reconsider its August 16, 2004, dismissal of

1

Count II. Defendants responded on April 15, 2005. On April 22, 2005, Triple H requested permission to file a reply brief, and the request was granted. Triple H filed its reply on April 28, 2005. For the following reasons, Plaintiff Triple H's motion is DENIED.

Rule 59(e) affords a plaintiff relief from a judgment under limited circumstances:

> First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice …. Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law.
>
> The Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments, or present evidence that could have been raised prior to the entry of judgment. Also, amendment of the judgment will be denied if it would serve no useful purpose.

11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995) (footnotes omitted); see GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999) (noting that Rule 59(e) motions may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice). The court should use its "informed discretion" in deciding whether to grant or deny a Rule 59(e) motion. See Huff v. Metro. Life Ins. Co., 675 F.2d 119, 122 (6th Cir. 1982).

2

The court granted Defendants' motion for summary judgment on the ground that the contract at issue did not require Henkel to use Triple H as its exclusive distributor or to give Triple H a minimum amount of business. Thus, by discontinuing its business with Triple H, Henkel was not in breach of the contract. Triple H argues that this interpretation of the contract makes it unenforceable or of questionable enforceability, which undermines the court's assumption in its order dismissing Count II of Triple H's claim that the contract was unquestionably enforceable, making a claim for promissory estoppel or detrimental reliance inappropriate.

In its order granting summary judgment, however, the court specifically addressed this argument, finding that the contract was not illusory or unenforceable simply because it was a rate sheet or price agreement. This finding is not manifestly erroneous, given that the price agreed to in the contract was enforceable against both parties as to all goods shipped to Triple H for distribution during the term of the contract. See Willard, Southerland & Co. v. United States, 262 U.S. 489, 493-94 (finding indefinite quantity contract unenforceable as a general matter, but finding it enforceable to the extent that it was performed). Furthermore, to the extent this argument has already been addressed in the order granting summary judgment, it is not a proper argument under Rule 59(e).

3

Triple H further argues that, given evidence gained through discovery and the court's holding in its summary judgment order that Henkel was not required to give Triple H a minimum amount of business for any particular time period, the court's finding in its order dismissing Count II that there was no promise by Henkel to continue using Triple H's services for a five year period beyond the terms of the contract is manifestly erroneous. The additional evidence Triple H offers to support its claim does not show that Henkel made any promises beyond the provisions of its contract with Triple H.

The conversations that Triple H cites in its memorandum indicate only that Triple H wanted a five-year commitment, that Henkel wanted to secure long-term *pricing*, and that Henkel anticipated that its business, although not necessarily its business with Triple H, might double due to a merger. Henkel's desire for long-term pricing was incorporated in the contract which sets the price terms for Henkel's use of Triple H's services for five years, but there is no promise or requirement that Henkel actually use Triple H's services for five years. Therefore, the court's finding that there was no promise by Henkel sufficient to make out a claim for promissory estoppel/detrimental reliance is not manifestly erroneous.

Finally, Triple H argues that to prevent manifest injustice, the court should reinstate its claim for promissory

4

estoppel/detrimental reliance or grant Plaintiff leave to amend its complaint to replead the claim of promissory estoppel/detrimental reliance. Beyond its arguments that the court's findings of law or fact were manifestly erroneous, Triple H bases its claim of manifest injustice on the reasonableness of permitting it to reinstate its claim, rather than requiring it to refile and begin the process again. Given the court's findings in its orders of dismissal and for summary judgment and the lack of any evidence of manifest errors of law or fact, Triple H cannot show that reinstating its promissory estoppel/detrimental reliance claim is necessary to prevent manifest injustice.

For the foregoing reasons, Triple H's motion is DENIED.

So ordered this 27th day of September 2005.

*/s/ Samuel H. Mays, Jr.*

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 92 in case 2:04-CV-02108 was distributed by fax, mail, or direct printing on September 29, 2005 to the parties listed.

---

Paul Howard Morris
MARTIN TATE MORROW & MARSTON
6410 Poplar Ave.
Ste. 1000
Memphis, TN 38119

James L. Holt
JACKSON SHIELDS YEISER HOLT SPEAKMAN & LUCAS
262 German Oak Dr.
Memphis, TN 38018

Adam M. Nahmias
JACKSON SHIELDS YEISER HOLT SPEAKMAN & LUCAS
262 German Oak Dr.
Memphis, TN 38018

John T. Winemiller
HUNTON & WILLIAMS
P.O. Box 951
Knoxville, TN 37901

John A. Lucas
HUNTON & WILLIAMS
900 S. Gay St.
Knoxville, TN 37902

Robert DiTrolio
U.S. DISTRICT COURT
167 N. Main St.
Ste. 242
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT